The PEOPLE of the State of New York; Robert Abrams, Attorney General, individually and as New York State Attorney General; S. Obrian, individually and as Rensselaer County Sheriff, Plaintiffs,

v.

Peter V. FRIED, Defendant.

No. 95–CV–1025 (TJM)(RWS).

United States District Court,
N.D. New York.

Aug. 28, 1995.

---

Peter V. Fried, Stephentown, NY, pro se.

### DECISION and ORDER

McAVOY, Chief Judge.

#### I. Background

Defendant[1] Peter V. Fried ("defendant" or "Fried") was apparently issued an appearance ticket which directed the defendant to appear in the Town Court of Stephentown on May 31, 1995 to answer a charge of criminal trespass. *See* attachment to docket no. 1.

This action was removed to this District by Notice of Removal filed by the defendant on July 26, 1995. In addition to his petition for removal, the defendant has filed an application to proceed with this action in forma pauperis. *See* docket no. 2.[2]

#### II. Discussion

Defendant has removed this action pursuant to 28 U.S.C. § 1442(a)(1). Petition for removal at ¶ 6. This statute provides, in relevant part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Defendant claims that removal of this action is proper because he is purportedly an "agent of a corporation wholly owned by the United States of America called the United States Gold and Silver Futures Exchange." Petition at ¶ 5.

However, nothing before the Court indicates that the defendant is, in fact, a federal agent. Fried has failed to submit any evidence along with the instant petition for removal which demonstrates that he has been performing work for the federal government either as its employee or at its request. Nor has the defendant submitted any evidence to the Court which supports his claim that the "United States Gold and Silver Futures Exchange" is a *bona fide* federal agency.

The defendant "bears the burden of showing that removal of an action is clearly appropriate." *Ryan v. Dow Chemical Corp.*, 781 F.Supp. 934, 939 (E.D.N.Y.), *aff'd sub nom. In re "Agent Orange" Prod. Liab. Litig.*, 996 F.2d 1425 (2d Cir.), *cert. denied sub nom., Ivy v. Diamond Shamrock Chems. Co.*, —— U.S. ——, 114 S.Ct. 1125, 127 L.Ed.2d 434 (1994). There is no evidence before the Court which indicates that (i) Fried is a federal agent or (ii) the "United States Gold

---

**1.** The Court notes that Fried has referred to himself as both a defendant (docket no. 1) and plaintiff (docket no. 2) in this matter. Since this proceeding was removed by Fried, he is properly considered, and will be referred to by this Court as, a defendant to this lawsuit.

**2.** Such application was filed so as to relieve the defendant of his obligation to pay the $120.00 filing fee required for his removal petition. *See* 28 U.S.C. § 1914(a).

and Silver Futures Exchange" is, in fact, a federal agency. Thus, a prerequisite for removal of this action under § 1442(a)(1) has not been satisfied. *See, e.g., Ryan,* 781 F.Supp. at 939 (citing *Maryland v. Soper (No. 1),* 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926); *Florida v. Cohen,* 887 F.2d 1451, 1453–54 (11th Cir.1989)) (discussing elements for proper removal under § 1442(a)(1)).

Since the removal of this action to this Court was improper, the Court hereby remands this matter to the Town Court for the Town of Stephentown. *See, e.g., Ryan,* 781 F.Supp. at 939 ("if the right to removal is doubtful, the case should be remanded") (citations omitted).

In light of the above, the Court denies defendant's in forma pauperis application.

Finally, the Court notes that Fried previously removed a virtually identical action to this District on July 14, 1995. *See State of New York v. Fried,* 95–CV–956. That case was dismissed by the undersigned on July 28, 1995 because, as in the present case, the removal of such proceeding to the Northern District was clearly improper. This Court has neither the time nor inclination to review subsequent actions improperly removed to this District by Fried, who does not appear to the Court to be a federal official from a *bona fide* federal agency. Fried is therefore put on notice that if he removes any future actions to this District relating to criminal matters pending against him in a Town, Village or other Court in the State of New York, Fried shall be subject to monetary and other sanctions as provided for in Fed. R.Civ.P. 11(c).

WHEREFORE, it is hereby

ORDERED, that this action is REMANDED to the Town Court for the Town of Stephentown, and it is further

ORDERED, that Fried refrain from removing any actions to this District concerning criminal matters pending against him in a Town, Village or other Court in the State of New York, and it is further

ORDERED, that the defendant's application to proceed with this action in forma pauperis is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the defendant and the Rensselaer County Attorney's Office by regular mail.

I further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a).

IT IS SO ORDERED.